UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                              )
JAMES R. SILVIA,              )
                              )
        Petitioner,           )
                              )
    v.                        )        C.A. No. 20-372 WES
                              )
STATE OF RHODE ISLAND,        )
                              )
        Respondent.           )
_____)

**MEMORANDUM AND ORDER**

Before the Court are James R. Silvia's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), ECF No. 1, the State of Rhode Island's Motion to Dismiss, ECF No. 6, and Petitioner's Motion to Stay Proceedings Pending Recent Notification That State Judiciary Was Reviewing the Aspect of This Case ("Motion to Stay"), ECF No. 7.  For the reasons that follow, the State's Motion to Dismiss is GRANTED, Petitioner's Motion to Stay is DENIED, and the Petition is DENIED and DISMISSED without prejudice.

I.   BACKGROUND

In 1972, Silvia pleaded guilty to second degree murder. See Docket, State v. Silvia, No. P1-1971-0402A (R.I. Super. Ct.).  During his ensuing fifty-year prison term, he was convicted and sentenced on additional charges including escape

from a correctional institution, conspiracy, assault with
intent to commit specified felonies, and felony assault. Id.;
Dockets, State v. Silvia, Nos. P1-1971-1566A, P2-1976-0227A,
and P2-1986-2803A (R.I. Super. Ct.).  In 2016, he filed a
petition for post-conviction relief in state court.  Docket,
Silvia v. State, PM-2016-2962 (R.I. Super. Ct.).  The Rhode
Island Superior Court appointed counsel and scheduled multiple
conferences on the matter.  Id.  Silvia (or his counsel) is
next slated to appear on July 8, 2021.  Id.  The instant
Petition was docketed in this Court on August 26, 2020.  Pet.
2.

II.  DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"), a federal habeas petition filed by a state
prisoner must be denied if the petitioner has not "exhausted
the remedies available in the courts of the State."  28 U.S.C.
§ 2254(b)(1)(A).   The State argues that Silvia has not
exhausted his state court remedies for any of his claims. Mem.
Law Supp. State's Mot. Dismiss 3, ECF No. 6.  Silvia agrees,
stating that "[a]ll 22 [g]rounds have not been exhausted, nor
appealed."  Pet. 13.  In his Petition, Silvia asserts that
this failure was caused by the state court's refusal to address

his claims.  See Pet. 6, 8, 10-11, 12A-12F.  However, in his
subsequent Motion to Stay, Silvia writes that "he has only
learned of pending state judicial review of this case from the
Attorney General."  Mot. Stay 1.  He therefore requests that
the Court stay the instant proceedings until the state post-
conviction proceedings have been resolved.  Id. at 1-2.  The
State objects, arguing that a stay would be inappropriate in
these circumstances.  See State's Obj. to Mot. Stay 1, ECF No.
8.

  "Stay and abeyance, if employed too frequently, has the
potential   to   undermine"   AEDPA's   goals   of   "encouraging
finality"   and   "streamlining   federal   habeas   proceedings."
Rhines v. Weber, 544 U.S. 269, 277 (2005).  However, the
Supreme Court has held that stays may be warranted in at least
one category of cases:  those where a dismissal would lead to
a subsequent habeas petition being barred by AEDPA's one-year
statute of limitations.  See id. at 274-75, 279 (citing 28
U.S.C. § 2244(d)(2)).  Here, to the extent that Silvia's claims
are not already time-barred, the clock is currently paused by
his pending state post-conviction proceeding.  See 28 U.S.C.
§ 2244(d)(2).  Therefore, the concern identified in Rhines is
not present.  Moreover, Silvia does not provide a single reason

3

in support of his assertion that a stay would be "judicially prudent."  See Mot. Stay 1.  The Court thus concludes that this matter does not present one of the "limited circumstances" in which a habeas proceeding should be stayed.  See Rhines, 544 U.S. at 277.

III. CONCLUSION

For the reasons contained herein, the State's Motion to Dismiss, ECF No. 6, is GRANTED, Petitioner's Motion to Stay, ECF No. 7, is DENIED, and the Petition, ECF No. 1, is DENIED and DISMISSED without prejudice.[1]

IT IS SO ORDERED.

William E. Smith
District Judge
Date:  June 15, 2021

---

[1] Petitioner's Motion to Strike the Answer and/or Pleading of the Respondent as Being Both Unresponsive and as Fraudulent Concealment from the Court, ECF No. 11, is DENIED. Additionally, the following are DENIED as moot:  Petitioner's Motion to Late File All Attached Pleadings, ECF No. 9; Petitioner's Renewed Motion for Appointment of Counsel, ECF No. 10; Petitioner's Motion to Compel Respondent to Answer Questions Concerning the Crime Charged on Mittimus #71-401[,] Whether It Charged the Crime of Robbery, or the Crime of Attempted Escape[,] and Which Crime the Respondent Reviewed the Petitioner on During the Last 50 Years of Parole Board Hearings, ECF No. 13; and Petitioner's Motion for Reconsideration, ECF No. 14.